**Irene Stelly, wife of/and Gorchin STELLY**

v.

**UNITED STATES, United States Department of the Army, and United States Army Corp of Engineers.**

**Civ. A. No. 84–0086.**

United States District Court, W.D. Louisiana, Lake Charles Division.

Dec. 5, 1984.

Warren J. Pickle, Law Office of Joseph W. Nelkin, New Orleans, La., for plaintiff.

John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for defendants.

## RULING

VERON, District Judge.

Plaintiffs Irene and Gorchin Stelly allege that in 1980 and 1981 the United States Army Corps of Engineers negligently operated the Vermilion Lock, which is part of the Gulf Intercoastal Waterway, and the Scooner Bay and Catfish Point Control Structures, which are part of the Mermentau River and Tributaries Project, causing salt water to infiltrate various fresh-water canals. When the Stellys drew water from them to irrigate their crops, its high salinity allegedly stunted crop growth, killed crawfish in production and ruined grazing land. They seek damages of $750,000 under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671 et seq. This matter comes before the Court on the motion to dismiss named defendants Department of the Army and the Army Corps of Engineers, and on Defendant United States' motion for summary judgment.

We grant the motion to dismiss the Army and its Corps of Engineers as defendants because the United States is the only proper party defendant in FTCA suits. 28 U.S.C. § 2679(a); see Wollman v. Gross, 637 F.2d 544, 547 (8th Cir.1980) ("The FTCA waives the sovereignty of the United States, and the courts in construing the statute of limitations, which is a condition of that waiver, should not extend the waiver beyond that which Congress intended"). Our decision to grant the United States' motion for summary judgment is likewise dictated by controlling authority.

Section 3 of the Flood Control Act of 1928, 33 U.S.C. § 702c (1976), provides that "no liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters ...." This provision is the linchpin of the United States' motion, but the Stellys argue that it cannot cloak the Government with immunity because their claim is based on the Government's ruination of their fresh-water supply, not on flood damage. Judge Reavley, writing for the Fifth Circuit, recently admitted that the Circuit's prior decisions giving the Government absolute immunity under section 702c were "unwarranted" in light of its legislative history. James v. United States, 740 F.2d 365, 370 (5th Cir.1984). He also insisted that:

> [This panel] recognize[s] the harshness ... that may result from the ... precedent of absolute immunity [under section 702c]. If, for example, the Corps of Engineers in charge of a flood control project sends out a boat to replace the buoys warning skiers of the water current and, in the process, runs over a swimmer, the government may have immunity.

Nevertheless, deferring to the principle of stare decisis, the Fifth Circuit declined to remove the precedential impediments to plaintiffs' recovery and held:

If the government's negligence is related to a flood control project, the immunity of the government [under section 702c] appears to be absolute.

\*   \*   \*   \*   \*   \*

Liability of the United States for damages due to operation of a flood control project ... does not depend upon a change in the stage ... of the water ....

*Id.,* at 369–70. Our only inquiry on this motion, therefore, is whether the Government's alleged negligence was related to a federal flood-control project. If so, section 702c bars liability.

We answer that question affirmatively. To answer negatively, we would have to find that each of the projects the Stellys claim were operated negligently is "wholly unrelated" to any Congressional act earmarking federal funds for flood control. *James, supra,* at 369. Both the Gulf Intercoastal Waterway and the Mermentau River and Tributaries Project, the allegedly offending projects, were authorized by legislation devoted at least in part to flood control. *See* S.Doc. No. 231, 79th Cong., 2d Sess. (1946) (Intercoastal Waterway); H.R. Doc. No. 238, 68th Cong., 1st Sess. (1925) (Mermentau Basin Project). Accordingly, we grant the United States' motion for summary judgment.